IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHERRY L. STEWART, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:12-CV-039-BL |
| | § § | ECF |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed March 19, 2012, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income under Title XVI of the Social Security Act (Doc. 1). Plaintiff filed a brief in support of her complaint on August 9, 2012 (Doc. 19). Defendant filed a brief on August 30, 2012 (Doc. 19). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on March 19, 2012 (Doc. 1, Ex. 5), and September 4, 2012 (Doc.22).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

---

[1]   Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

## I.   STATEMENT OF THE CASE

Plaintiff filed an application for supplemental security income alleging disability beginning May 1, 2009. Tr. 19. Plaintiff's application was denied initially and upon reconsideration. Tr. 65-71. Plaintiff filed a Request for Hearing by Administrative Law Judge on June 17, 2010, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 24, 2011. Tr. 34-59.

Plaintiff, represented by a non-attorney, appeared and testified in her own behalf. Tr. 30-63. A vocational expert ("VE") appeared and provided expert testimony. Tr. 63-74. The ALJ issued an opinion that was unfavorable to Plaintiff on February 23, 2011. Tr. 35-59..

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 19. The ALJ noted that supplemental security income benefits are not payable prior to the month following the application. *Id.* The ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") at any time since the application date. Tr. 21. The ALJ found that Plaintiff has "severe" impairments, including morbid obesity, high blood pressure, low back pain, degenerative joint disease of the knee, impulse control, and urinary incontinence. Tr.21. The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 21-22. The ALJ indicated that he had considered all of the impairments in making such finding. Tr. 21.

The ALJ specifically addressed the criteria of Section 12.08 of the Listing of Impairments. Tr. 21-22. He evaluated Plaintiff's mental impairments under the part B and part C criteria, finding that Plaintiff's mental impairment caused moderate difficulties in her social functioning; activities of daily living; and  concentration, persistence, or pace; with no episodes of decompensation of

extended duration. Tr. 22. The ALJ noted that the part B criteria were not met by these restrictions. *Id.*

The ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy. The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 25. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms and the limitations imposed therein, as contained in Plaintiff's subjective reports and testimony. Tr. 26.

The ALJ discussed Plaintiff's reports of her symptoms and the medical treatment she received, comparing Plaintiff's subjective allegations with the objective evidence of record. Tr. 25-27. The ALJ also noted that at the hearing, Plaintiff lifted and carried a large purse, and sat and stood, all without any apparent difficulty. Tr. 26. The ALJ also indicated that he had considered Plaintiff's poor work history. Tr. 26. The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of her pain were generally not credible. Tr. 26. The ALJ noted that he had given great weight to the opinions of the State agency medical consultants, and had not given any weight to Dr. Patel's non-medical opinion that Plaintiff is "disabled." Tr. Tr. 27.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of light work, having the ability to: lift and carry 20 pounds occasionally and 10 pounds frequently; as well as stand and/or walk for two hours during an 8-hour workday and sit for six hours during such workday, with the opportunity to alternate

positions. Tr. 25. The ALJ found that the range of light work that Plaintiff retained the ability to perform was limited insofar as she: cannot climb ladders, ropes, scaffolds, kneel or crawl; can occasionally kneel and stoop; can use the lower extremities for occasional pulling or pushing; can occasionally climb ramps and stairs; can occasionally balance, crouch, and stoop; can use both upper extremities for frequent reaching, handling, fingering, and feeling; must avoid all exposure to excessive noise, hazardous, work at unprotected heights; must avoid exposure to excessive fumes, odors, chemicals, or gases; is able to understand, remember, and carry out short, simple instructions and make simple work-related decisions; is limited to only incidental contact with the public and occasional contact with supervisors and coworkers; and is able to respond appropriately to usual work pressures and changes in work setting. *Id.*

The ALJ found that Plaintiff could not perform any of her past relevant work. Tr. 27. The ALJ noted that Plaintiff was a "younger individual" on her alleged onset date with a high school education and the ability to communicate in English. *Id.* The ALJ found that transferability of skills was not material to a determination of disability. *Id.*

The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which existed in the national economy, including the jobs of small products assembler, jewelry assembler, and bench hand. Tr. 28. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id.*

Plaintiff sought review of the hearing decision and order. Tr. 15. The Appeals Council denied Plaintiff's request on October 18, 2011, indicating that although it had considered the contentions raised by Plaintiff, it nevertheless concluded that there was no basis for changing the

ALJ's decision. Tr. 9-13. The ALJ's decision, therefore, became the final decision of the Commissioner.

On March 19, 2012, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled

within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform other work which exists in significant numbers in the national economy. Tr. 28.

### III. DISCUSSION

Plaintiff claims that the ALJ erred in finding that she could perform a range of work at the exertional level insofar as the RFC findings fail to reflect Plaintiff's need for an assistive device in order to effectively ambulate. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

Plaintiff argues that the RFC finding does not reasonably incorporate or reflect the limitations imposed by her impairments. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and

laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley*, 67 F.3d at 557. The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE or into the RFC determination that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record. *Muse*, 925 F.2d at 790 (citing *Bradley*, 809 F.2d at 1057). The task of weighing the evidence is the province of the ALJ. *Chambliss*, 269 F.3d at 523. The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* However, in weighing the evidence, the ALJ is not free to reject the uncontroverted opinions of a treating physician regarding the limitations imposed by Plaintiff's impairments solely because he has a different interpretation of the evidence. *See Frank*, 326 F.3d at 622 (where the Fifth Circuit noted in dicta that the ALJ should not substitute his own medical conclusions about the effects of the claimant's impairments).

In this matter, the ALJ's RFC determination is consistent with his credibility finding, and his failure to include any limitations based on Plaintiff's use of an assistive device when walking is consistent with substantial evidence the ALJ identified. As Plainiff notes, she was observed using a crutch while ambulating by various treating and examining providers, such as Dr. Nigalye, Dr. Livingston, and a nurse practitioner. However, Plaintiff testified that her cane was not prescribed by a physician. Tr. 50. The nurse practitioner also noted Plaintiff's use of a cane and difficulty ambulating caused by left knee degeneration. The nurse practitioner is not an "acceptable medical source" under applicable regulations. To the extent that the nurse practitioner, Dr. Patel, and Dr.

Nigalye may have indicated that Plaintiff was "disabled" or otherwise unable to work, such opinions are entitled to no special significance. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank*, 326 F.3d at 620. This is underscored by Dr. Patel's notation that a complete examination had not been performed, as the purpose of the visit with Plaintiff was to complete forms related to her food stamps application. Tr. 265.

Plaintiff argues that she has demonstrated an inability to ambulate effectively. Section 1.00 B(2)(b)(1) explains:

> Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00 J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Pt. 4, Subpt. P, App. 1, § 1.00 B(2)(b)(1). Plaintiff alleges that she uses a cane or crutch and required such assistive device to ambulate. Section 1.00 J(4) indicates that:

> When an individual with an impairment involving a lower extremity or extremities uses a hand-held assistive device, such as a cane, crutch or walker, examination should be with and without the use of the assistive device unless contraindicated by the medical judgment of a physician who has treated or examined the individual. The individual's ability to ambulate with and without the device provides information as to whether, or the extent to which, the individual is able to ambulate without assistance. The medical basis for the use of any assistive device (e.g., instability, weakness) should be documented.

20 C.F.R. Pt. 4, Subpt. P, App. 1, § 1.00 J(4). While the record indicates Plaintiff's use of a cane or crutch, the record contains no evidence regarding the medical basis for using a cane (other than the indication by the nurse practitioner, who is not an acceptable medical source), no evidence regarding

the medical necessity of using assistive devices, and no physician's report regarding specific medical restrictions requiring Plaintiff to use an assistive device.

The court finds that the ALJ did did not err by failing to incorporate a limitation on Plaintiff's ability to ambulate actively due to use of a cane. His RFC finding is supported and consistent with substantial evidence in the record, and is consistent with the credibility determination. The court finds that the ALJ did not err in making the RFC finding.

The appropriate inquiry is thus whether the hypothetical question posed to the VE adequately reflected those limitations that the ALJ found supported by the record and incorporated to the RFC finding. The record demonstrates that the hypothetical question did reasonably incorporate the limitations accepted by the ALJ.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

In this matter, Plaintiff was permitted to register her objection and was provided the opportunity to question the VE extensively. The court finds no error in the reliance by the ALJ on the testimony of the VE in finding that Plaintiff retained the RFC to perform work which exists in the national economy at step 5 of the sequential evaluation process.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed November 18, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 14th day of May, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**